Nicholson, C. J.,
delivered the opinion of the court.
This was a suit in the Circuit Court of Hawkins county, on a note for $1,375.50, dated March 15, 1862, and payable six months after date. Upon the trial of the cause, on the plea of nil debit, the defendant offered to testify that the said note was executed in consideration of stock purchased- at inflated Confederate money prices; that although the' note is drawn payable in- dollars, the contract in fact was, that the note should be paid in Confederate money or treasury notes, and that said notes were depreciated — but the evidence was excluded by the court. The jury, under the ruling of the Circuit Judge, found for the plaintiff, giving him a verdict for the face of the note, with interest. The defendants have appealed in error.
It is .insisted for defendants that the court below erred in excluding the evidence offered as to the consideration of the note and as to the contract for its *266 payment in Confederate money. It is conceded for plaintiff, that under the authority of Thorington v. Smith, it would be competent to show by parol evidence, from the surrounding circumstances, in what sense the word “ dollars ” was used by the parties to the note. But it is denied that it would be competent to prove directly by parol that the parties used the word “dollar” as meaning Confederate money, in pursuance of a contract. To allow such evidence, it is said, would violate the well established rule, which prohibits the resort to parol testimony to alter’ or change a written contract. But this is assuming that the parties used the word dollars in the note in its technical sense, as meaning gold or silver dollars or their equivalents. That such was not their meaning, it is conceded, may be shown by parol proof, by showing the surrounding circumstances, from which it may be implied that the parties contracted with reference to “dollars,” as represented by Confederate notes. If it can be legitimately shown indirectly by parol evidence that the parties contracted for treasury notes under the name of “dollars,” why may not the same contract be as well proven directly by parol? We think it obvious that the reason for allowing the proof to be made directly, is stronger than for allowing it to be made indirectly.
The admission of the parol evidence, in the case before us, was not calculated to alter or change the real contract made between the parties; but to show what the contract was, by showing that by agreement they used the word “dollars” to mean Confederate money.
*267 We are, therefore, of opinion that the Circuit Judge erred in rejecting the proof offered, and that it was competent, under the general issue, to show either by the surrounding circumstances, or by direct proof, in what sense the parties used the word “dollars” in the contract. For this error, the judgment is reversed and a new trial awarded.